**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.:**

DEANDRE RITTMAN,

      Plaintiff(s),

      v.

LAKELAND'S SONS, LLC,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, DEANDRE RITTMAN ("Plaintiff" or "Mr. Rittman"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendant, LAKELAND'S SONS, LLC ("Defendant" or "LSL"), on behalf of himself, and alleges as follows:

### INTRODUCTION

1.      Defendant unlawfully deprived Plaintiff of overtime wages during the course of his employment by misclassifying Plaintiff as an independent contractor.  This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff during the course of his employment.

### PARTIES

2.      During all times material hereto, Plaintiff was a resident of Polk County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      During all times material hereto, Defendant, LSL was a Florida limited liability company with a principal address at 222 Poinciana Drive, Sunny Isles Beach, Florida 33160, and

operating business in Polk County at the location of 5115 US Highway, 98 North, Lakeland, Florida 33809, within the jurisdiction of this Honorable Court.

4.      Defendant, LSL, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

5.      Defendant, LSL, regularly transacts business in Polk County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

6.      Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

7.      All acts and omissions giving rise to this dispute took place within Lakeland, Florida, within the jurisdiction of this Honorable Court.

8.      Defendant, LSL, offers property management services for commercial properties and plazas within Polk County, Florida.

9.      Defendant, LSL, employs individuals such as Plaintiff to perform maintenance and groundskeeping work on properties in the Polk County area.

## FLSA COVERAGE

10.     Defendant, LSL, is covered under the FLSA through enterprise coverage, as LSL was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, LSL's business and Plaintiff's work for affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of

the same. Accordingly, Defendant LSL was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

11.     During his employment with Defendant, Plaintiff, and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to the following: lawn mowers, gardening tools, lawn fertilizers, mulches, garbage bags, weed control treatments, mulch, pavers, soils, landscape fabrics, spades, shovels,, leaf blowers, garden hoes, sprinklers, fire extinguishers, light bulbs, and other tools necessary to perform property maintenance and groundskeeping.

12.     Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

13.     Upon information and belief, Defendant, DPI, grossed in excess of $500,000.00 in 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

14.     During all material times hereto, Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA.

15.     During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of Defendant; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

16.     Moreover, the economic realities of Plaintiff's work for Defendant rendered Plaintiff an employee and not an independent contractor.  Defendant provided Plaintiff equipment and tools to perform work, Defendant controlled and directed the work performed by Plaintiff, Defendant controlled Plaintiff's work hours and responsibilities, and Plaintiff relied upon

Defendant for his employment and work and was not free to actively work elsewhere during the time periods that Defendant scheduled him to work.

17.     During all times material hereto, Plaintiff was a non-exempt employee of Defendant, LSL, with the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANT

18.     In or about December 2019, Defendant hired Plaintiff to perform maintenance and groundskeeping work on commercial properties in Lakeland, Florida.

19.     After hiring Plaintiff, Defendant misclassified Plaintiff as an independent contractor because the economic realities of Plaintiff's work for Defendant rendered Plaintiff and employee.

20.     Indeed, Defendant treated Plaintiff as an employee by controlling his work, duties and responsibilities, tasks, schedule, and pay.

21.     Defendant had the power to hire and fire Plaintiff, and placed no limitations on those rights by contract. Indeed, Defendant provided no contractual clause imposing liability or a penalty for cancellation of work performed.

22.     Defendant rejected Plaintiff's initially proposed pay rate, and ultimately determined Plaintiff's compensation.

23.     Defendant required Plaintiff to work 8 a.m. to 4p.m., Monday through Friday, and also required Plaintiff to visit the property to complete tasks on weekends.

24.     Defendant communicated with Plaintiff daily, and required Plaintiff to send pictures and videos of his work performed and task completed at the property.

25.     Plaintiff did not have the opportunity to earn additional income or profit through the exercise of managerial skill or increased efficiency because he was paid a flat rate.

26.     Plaintiff did not have the opportunity to earn profit or loss based on investment because he neither made (nor could make) an investment in Defendant's business, nor faced a loss.

27.     Defendant provided and paid for Plaintiff's supplies and equipment used to perform work on Defendant's property.

28.     Defendant required Plaintiff to perform additional duties and tasks that were not originally agreed upon at the time of hire (without additional opportunity for profit), such as communicating daily with individual tenants, picking up police reports from police stations, handling burglaries and thefts at the property, providing rental information to potential tenants, handling recycling and donation boxes at the property, scraping gum off sidewalks, etc.

29.     Further, Plaintiff carried out various tasks that did not require a specialized skill such as picking up trash around the property, maintaining trash liners, and cutting grass. Indeed, Defendant admitted that Plaintiff's skills "are not specialized at all."

30.     Finally, Plaintiff's work performed was an integral part of Defendant's business because Plaintiff interacted daily with Defendant's tenants by handling complaints and concerns and communicating these to Defendant, ensured maintenance and safety on the property, and fixed various issues both inside and outside the property units.

31.     During his employment, Plaintiff regularly worked in excess of forty-five (45) hours per week but was not properly compensated in accordance with the FLSA for all of the overtime hours he worked.

32.     Defendant advised Plaintiff that he would be paid about $500.00 per week, or at a regular hourly rate of about eleven dollars and eleven cents ($11.11) per hour.

33.     Defendant was expressly aware of the work performed by Plaintiff, and in fact instructed and directed Plaintiff to perform much (if not all) of this work, but nevertheless required

Plaintiff to continue working without receiving proper compensation for the hours worked during the relevant period of his employment.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS

34.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 33 as though set forth fully herein.

35.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

36.     During the time period relevant to this lawsuit, Plaintiff worked an average of forty-five (45) hours per week.

37.     Plaintiff was not properly compensated at a rate of time-and-one-half his regular hourly rate for hours worked over forty (40) per week as required under the FLSA.

38.     Plaintiff is entitled to recover statutorily proscribed federal overtime wages at a rate of time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

39.     Plaintiff received a regular hourly rate of about eleven dollars and eleven cents ($11.11) per hour. However, Defendant failed to pay Plaintiff at his proper overtime rate of time-and-one-half his regular hourly rates for the five (5) hours of work Plaintiff performed in excess of forty (40) each week.

40.     Instead, Defendant paid Plaintiff at his regular hourly rate for all hours he worked each week.

41.     Accordingly, Plaintiff is entitled to overtime wages at the rate of five dollars and fifty-five cents ($5.55) per hour for each hour worked over forty (40) in any given workweek.

42.     However, Defendant intentionally and/or willfully violated the FLSA or was reckless and/or indifferent as to its compliance with federal overtime law. Plaintiff is therefore entitled to liquidated (double) damages under federal law.

43.     As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by *29 U.S.C. § 216(b)* and any such further damages as may be shown at the time of trial.

44.     Plaintiff has been required to retain the undersigned law firm to prosecute his claims and is therefore entitled to recover attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, DEANDRE RITTMAN, respectfully requests that this Honorable Court enter judgment in his favor against Defendant, LAKELAND'S SONS, LLC, and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, DEANDRE RITTMAN, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 22nd day of January 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-**
**JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Deandre Rittman*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 22, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: